### STATE *vs.* THOMAS W. FISKE.

A criminal complaint charging that the defendant "was found behaving in a noisy and disorderly and indecent manner, and did assist, encourage and promote the same to be done by others, to the annoyance and disturbance of a portion of the peaceable inhabitants of the town of East Greenwich, against the ordinances of the said town," is bad for uncertainty, in that, although following the language of the ordinance, it does not so far individuate the offence as to give the defendant proper notice of what it really is.

Merely to charge one with " behaving in a noisy, disorderly and indecent manner," without any specification as to what constituted such behavior, or even that it was in a public place in the town, is too vague and indefinite to answer the requirements of criminal pleading.

EXCEPTIONS to the Court of Common Pleas for the county of Kent.

*December* 7, 1893. TILLINGHAST, J. The complaint in this case charges that the defendant "was found behaving in a noisy and disorderly and indecent manner, and did assist, encourage and promote the same to be done by others, to the annoyance and disturbance of a portion of the peaceable inhabitants of the town of East Greenwich, against the ordinances of the said town."[1] At the trial of the case in the Court of Common Pleas, the defendant moved that the complaint be quashed on the ground of duplicity, and also for uncertainty in charging the offence, which motion was overruled, whereupon the defendant was tried and found guilty as charged. The defendant then moved in arrest of judgment on the same ground as above stated, which motion was also overruled, to each of which said rulings exception was duly taken. The case is now before this court on excep-

---

[1] As follows:

### ORDINANCE VII.

SECTION 1. Every person who shall commit any nuisance, or who shall be found quarrelling, fighting, revelling, screaming, or wantonly making a false alarm or cry of fire, or otherwise behaving in a noisy, disorderly or indecent manner in this town, to the disturbance or annoyance of the peaceable inhabitants thereof or any portion of them, or shall aid, assist, encourage or promote the same to be done by any other person or persons, shall on conviction thereof, be sentenced to pay a fine of not less than two dollars nor more than twenty dollars, or be imprisoned not exceeding ten days in the State's Jail in the county of Kent.

tions to said rulings, and also to the ruling of the court excluding certain testimony offered by the defendant at said trial. We think the complaint is insufficient on the ground of uncertainty. It fails to inform the defendant of the particular offence for which he is to be tried, in that the language used, while following that of the ordinance, does not so far individuate the offence as to give the defendant proper notice of what it really is. In *Began, Petitioner*, 12 R. I. 309, this court, while holding that the word "revel" had a precise and definite meaning, yet intimated that it might be necessary in connection with the other charges in the complaint, which were quite similar to those in the case now before us, to particularly set forth the circumstances connected with the disorderly and indecent conduct set forth in the complaint. We think that to merely charge one with "behaving in a noisy, disorderly and indecent manner," without any specification as to what constituted such behavior or even that it was in a public place in said town is too vague and indefinite to answer the requirements of criminal pleading. *State* v. *Smith*, 17 R. I. 371, and cases cited; *McJunkins* v. *State*, 10 Ind. 140; *Bell* v. *State*, 1 Swan, 42.

As we are of the opinion that the complaint is insufficient for the reason above given, it is unnecessary to consider the other exceptions.

*Exceptions to the overruling of defendant's motion in arrest of judgment sustained, and judgment arrested.*

*Charles J. Arms*, for the State.

*Nathan W. Littlefield, Walter R. Stiness & Dennis J. Holland*, for defendant.