308 A.2d 516.

STATE *vs.* DONALD A. DREW, JR.

AUGUST 6, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Donald A. Drew, Jr. was found guilty in the District Court for the Third Division on a complaint and warrant[1] which charged him with obstructing an officer while in the execution of his office, in violation of G. L. 1956 (1969 Reenactment) §11-32-1, as amended by P. L.

---

[1] The complaint and warrant, in pertinent part, charges that the defendant "[d]id then and there obstruct an officer, Austin L. Gilbride Jr. whom the defendant knew was a police officer while in the execution of his office, [i]n violation of Title 11, Chapter 32, Section 1 of the general laws of Rhode Island 1956, as amended, on to wit: September 11, 1971. The execution of his office being to maintain the peace and placing Raymond Casey under arrest for disorderly conduct. The defendant did jump on officer Gilbride Jr."

1971, ch. 220, sec. 1.[2] Sentence, however, was stayed and the record was certified to this court pursuant to §12-22-10[3] in order that we might pass on the constitutionality of an act of the General Assembly which had been brought into question at the trial by defendant's demurrer to the complaint and warrant and by his motion to dismiss.[4]

We consider only constitutional questions specifically raised on the record, rather than those certified by a trial justice. The certification statute mandates that and no more. See Maïley v. Estate of DePasquale, 94 R. I. 31, 34, 177 A.2d 376, 378-79 (1962).

The only such question on this record is whether the due process clauses of sec. 1 of the fourteenth amendment to the Federal Constitution and of art. I, sec. 10 of the state constitution make it essential for a statute such as the one upon which this complaint and warrant is predicated to provide that an obstructor either know that the person

---

[2] General Laws 1956 (1969 Reenactment) §11-32-1 provides:

"Every person who shall obstruct any officer, civil, military, or otherwise, including any state, city or town police or fireman, while in the execution of his office or duty, shall be imprisoned not exceeding one (1) year or be fined not exceeding five hundred dollars ($500)."

[3] General Laws 1956 (1969 Reenactment) §12-22-10 reads as follows:

"Whenever the constitutionality of any act of the general assembly shall be brought in question in the trial of a criminal cause in any court, the decision of the question shall be reserved, and the trial of the case in other respects shall proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence shall be stayed, and the constitutional question raised, together with a record of the case, and a transcript of the testimony, or so much thereof as pertains to the constitutional question, shall be certified and transmitted forthwith to the supreme court for decision."

[4] In this case, as in State v. Storms. 112 R. I. 121, 308 A.2d 463, (1973), Justice Doris denied defendant's motion that he abstain from participating. Here also an appeal to the full bench has been claimed and is assigned to the current argument list for the next term of court.

obstructed is an officer or that he knowingly obstructed an officer.

The short answer to that inquiry was furnished by this court almost a century ago when it read an identical precursor (1872 General Statutes ch. 227, sec. 8) to §11-32-1 as if it contained a requirement that an accused know at the time of the obstruction that the person he is charged with obstructing is an officer. We held accordingly that an indictment or complaint under that statute was fatally defective unless it averred "that the defendant knew the officer to be an officer when he obstructed him." *State v. Maloney*, 12 R. I. 251, 253-54 (1879). Such an averment is still an essential element, and while less might in some circumstances satisfy due process demands, see *State v. Gilman*, 110 R. I. 207, 291 A.2d 425 (1972), certainly no more is required.

The papers in the case together with our answer to the specific constitutional questions raised on the record shall forthwith be transmitted to the District Court for the Third Division.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, *R. Raymond Greco*, Special Asst. Attorney General, for plaintiff.

*Berberian and Tannenbaum, Aram K. Berberian*, for defendant.