328 A.2d 729.

STATE *vs.* GUY R. BERKER.

DECEMBER 3, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This complaint and warrant charged that the defendant behaved in a disorderly manner in that he created a disturbance in the city of Warwick, by being loud and boisterous, and using profane and obscene language, in violation of sec. 14-10 of the Ordinances of the City of Warwick. The defendant was adjudged guilty by the District Court and ordered to pay a fine of $15. He thereupon appealed to the Superior Court, where the case was heard by a justice of that court sitting with a jury. The jury returned a verdict of guilty. The case is before this court on the defendant's exceptions to the rulings of the trial justice in overruling his plea in abatement, in dismissing his demurrer, in denying his motion for a directed verdict of acquittal, in refusing to charge the jury as requested by the defendant, and in admitting certain state evidence over objection.

We first consider defendant's demurrer, which alleges in substance that 14-10 of the Ordinances of the City of Warwick[1] on which the complaint is based is vague, indefinite and uncertain and deprives him of liberty and property without due process of law as guaranteed by the Federal and State Constitutions, and that the complaint should be dismissed.

The facts as they appear in the complaint and the transcript are that on July 10, 1970, defendant was in the parking lot of Dunkin Donuts on Warwick Avenue in the city of Warwick, and that a waitress at Dunkin Donuts complained to the police that defendant was blowing the horn on his motor vehicle in a loud manner. A police officer arrived in a patrol car and heard loud talking. The police officer testified that some obscene and threatening language was directed toward him by defendant.

The state conceded in a statement which was filed in lieu of a brief, and at oral argument before us, that the ordinance is unconstitutional because of vagueness and overbreadth.

In the case of *Papachristou* v. *City of Jacksonville,* 405 U. S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); the Court held a city vagrancy ordinance void for vagueness, both in the sense that it failed to give a person of ordinary intelligence fair notice that his contemplated conduct was forbidden by the ordinance, and because it encouraged arbitrary and erratic arrests and convictions. *See also United States* v. *Harriss,* 347 U. S. 612, 74 S.Ct. 808, 98

---

[1]Section 14-10 of the Ordinances of the City of Warwick reads as follows:

"Any person who shall be found reveling, quarreling, fighting or wantonly making a false alarm or cry of fire or otherwise behaving in a disorderly or indecent manner in the city or who shall aid, incite or encourage the same to be done shall be guilty of a violation of this section."

L.Ed. 989 (1954); *Thornhill* v. *Alabama,* 310 U. S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Herndon* v. *Lowry,* 301 U. S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937); *Connally* v. *General Constr. Co.,* 269 U. S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Livingston* v. *Garmire,* 437 F.2d 1050 (5th Cir. 1971).

Here, the questioned ordinance is vague and indefinite since it contains no standards by which conduct may be measured and thus fails to give a person of ordinary intelligence fair notice of what conduct it attempts to forbid. The absence of proper standards also encourages arbitrary arrests and convictions. The ordinance being vague and indefinite fails to meet constitutional standards and is void. *State* v. *Jamgochian,* 109 R. I. 17, 279 A.2d 923 (1971). It therefore becomes unnecessary for us to consider the defendant's other exceptions.

The defendant's exception to the denial of his demurrer is sustained, the judgment of guilty is reversed, and the case is remanded to the Superior Court.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.