**STATE**

v.

**Thomas J. HENDERSHOT.**

**No. 79–496–C.A.**

Supreme Court of Rhode Island.

June 19, 1980.

Dennis J. Roberts II, Atty. Gen., Kenneth P. Madden, Sp. Asst. Atty. Gen., for plaintiff.

Aram K. Berberian, Warwick, for defendant.

## OPINION

DORIS, Justice.

This is an appeal by the defendant, Thomas J. Hendershot (Hendershot), of a judgment of conviction entered by a justice of the Superior Court, sitting without a jury, affirming his conviction in the District Court of a violation of the Ordinances of the Town of East Greenwich, ch. 15, § 1 (1972),[1] in that he "did quarrel, fight, revel, scream or otherwise behave in a noisy, disorderly manner in the town to the disturbance or annoyance of the peaceful inhabitants, thereof."

The facts are not in dispute. Jeannette Greene testified that on May 22, 1978, between 1:30 and 2:00 a. m. her husband, their six children and she were sleeping in their home on Division Road in East Greenwich when they were awakened by yelling and fighting in the street outside their home. She further testified that when she looked out of her bedroom window she saw, by moonlight, a man sitting on top of a woman and heard both persons heatedly yelling at each other. Wishing to quell the disturbance, she called the police. When the police arrived, they arrested the man, whom both parties stipulated was Hendershot.

Hendershot filed a motion to dismiss the criminal complaint with the District Court on the ground that the complaint and the East Greenwich town ordinance are unconstitutionally vague and indefinite. The motion was denied and defendant was convicted and fined $100 and costs. The defendant appealed to the Superior Court and refiled his motion to dismiss. This motion was again denied. He was found guilty and he was fined $100. The defendant is now appealing his conviction to this court.

Hendershot is raising two related issues on appeal, both of which were the substance of his motions to dismiss. First, Hendershot claims that the criminal complaint against him is unconstitutionally vague and indefinite. His second contention is that the ordinance under which he was convicted is itself unconstitutionally vague and indefinite.

██ It is well settled that the language of a complaint must be phrased so as to give a defendant adequate notice of the offense with which he is charged. *State v. Berker*, 114 R.I. 72, 328 A.2d 729 (1974); *State v. Fiske*, 18 R.I. 416, 28 A. 348 (1893). Indeed, this holding has been codified by the passage of G.L.1956 (1969 Reenactment) § 12–12–1.4, as amended by P.L.1974, ch. 118, § 11 which provides that:

"[a] complaint shall be a plain, concise and definite written statement of the offense charged. An indictment, information or complaint which provides the defendant and the court with adequate notice of the offense being charged shall be sufficient if the offense is charged either

---

1. East Greenwich, R.I., Ordinance ch. 15, § 1 (1972) reads as follows:
   "Every person who shall commit any nuisance, or who shall be found quarreling, fighting, reveling, screaming, or wantonly making a false alarm or cry of fire, or otherwise behaving in a noisy, disorderly or inde-
   cent manner in the town, to the disturbance or annoyance of the peaceable inhabitants thereof or any portion of them, or shall aid, assist, encourage or promote the same to be done by any other person or persons, shall be guilty of an offense."

(a) by using the name given to the offense in terms of either the common law or by statute or (b) by stating the definition of the offense in terms of substantially the same meaning."

In the instant case, the criminal complaint essentially replicates the language of the disorderly-conduct ordinance.[2] Thus, in order for the complaint to meet constitutional standards, we must address whether the ordinance provides "a person of ordinary intelligence fair notice of what conduct it attempts to forbid." *State v. Berker*, 114 R.I. at 74, 328 A.2d at 730–31.

■ The answer to this inquiry was furnished by this court almost a century ago in *State v. Fiske*, 18 R.I. 416, 28 A. 348 (1893). In *Fiske*, the court was asked to determine whether a complaint charging the defendant with "'behaving in a noisy and disorderly and indecent manner, * * * to the annoyance and disturbance of a portion of the peaceful inhabitants of the town of East Greenwich, against the ordinances of the said town,'" was too vague and indefinite to answer the requirements of criminal pleadings. The court held that the complaint was insufficient in that it did not "individuate the offense as to give the defendant proper notice of what it really is." *Id.* at 417, 28 A. at 348. This holding was essentially affirmed in *State v. Berker*, 114 R.I. 72, 328 A.2d 729 (1974), wherein this court found the disorderly-conduct ordinance of the city of Warwick, which was similar to that of the town of East Greenwich, unconstitutionally vague and indefinite. This court now affirms both *Fiske* and *Berker* and finds that the disorderly-conduct ordinance in the instant case is unconstitutionally vague and indefinite and as such is void.

In refuting defendant's contentions, the state attempts to distinguish *Berker* from the instant case. The state points out that the ordinance under scrutiny in this case is different from that examined in *Berker* in that it requires that the disorderly conduct

be a disturbance or annoyance to the peaceful inhabitants of the town. The state contends that since under the instant ordinance the disorderly conduct is not measured by the police but by whether it has disturbed a peaceful resident, a person of ordinary intelligence has fair notice of what conduct is prohibited, and arbitrary arrests are discouraged. We do not agree with this contention. The fact that a peaceful resident has been substituted for a policeman as the "judge" of whether conduct is disorderly does not cure the ordinance's constitutional defect of vagueness and indefiniteness. The constitutional infirmity is that a resident of the community, not made sufficiently aware of what he may or may not do, is subject to criminal prosecution simply because some of his neighbors have a low threshold of annoyance and cannot refrain from violent reaction to conduct, language, or carriage they deem offensive. *See Pritikin v. Thurman*, 311 F.Supp. 1400, 1402 (S.D.Fla., 1970).

The defendant's appeal is sustained, the judgment of conviction is reversed, and the case is remanded to the Superior Court for further proceedings.

**2.** The complaint charged Hendershot as follows: "[Hendershot] did quarrel, fight, revel, scream or otherwise behave in a noisy, disorderly manner in the town to the disturbance or annoyance of the peaceful inhabitants thereof."