STATE

v.

**Aram K. BERBERIAN.**

**79–346–C.A.**

Supreme Court of Rhode Island.

June 25, 1980.

Dennis J. Roberts, II, Atty. Gen., Joel S. Chase, Sp. Asst. Atty. Gen., for plaintiff.

Aram K. Berberian, pro se.

## OPINION

DORIS, Justice.

This is an appeal by the defendant, Aram K. Berberian (Berberian), from a conviction by a Superior Court justice sitting without a jury on a charge of obstructing a police officer in the performance of his duties in violation of G.L. 1956 (1969 Reenactment) § 11–32–1, as amended by P.L. 1971, ch. 220, § 1.[1]

The facts are not in dispute. Officer Ronald E. Fortune of the Charlestown police department testified that on May 7, 1977, at approximately 9 p. m. he stopped a motorcycle on West Beach Road in Charlestown. The motorcycle was being operated by Sarah L. Whynaught, a/k/a Sarah Weiner, the eleven-year-old stepdaughter of Berberian. Officer Fortune asked Sarah Whynaught to show an operator's license to operate or registration papers for the motorcycle, neither of which she was able to produce. He therefore requested his dispatcher to contact Berberian and request that he come to the scene with the necessary registration papers. He also asked his dispatcher to check with the National Crime Information Center and the Registry of Motor Vehicles on the status of the motorcycle.

Shortly thereafter, Berberian arrived on the scene on foot but failed to produce the proper registration papers. During this time, the dispatcher contacted Officer Fortune and advised him that the Registry of Motor Vehicles reported that the motorcycle was not registered for that year. Berberian then began to remove the motorcycle physically from the scene. Officer Fortune advised defendant several times that he was still investigating the matter and that defendant should not remove the motorcycle. Berberian persisted and suggested repeatedly that Officer Fortune could arrest him for obstructing a police officer. Since Berberian would not refrain from moving the motorcycle, Officer For-

tune did arrest Berberian, charging him with a violation of § 11–32–1.

Berberian filed a motion to dismiss with the Superior Court. This was denied and defendant was convicted and fined $100.

The defendant raises four issues on appeal. He argues the following:

1. that the court cannot validly entertain a criminal complaint brought by a police officer, not otherwise exempt, without his furnishing surety for costs,

2. that self-help repossession of personal property unlawfully seized by a police officer does not constitute a violation of § 11–32–1,

3. that the criminal complaint filed against him is unconstitutionally vague and indefinite, and

4. that § 11–32–1 is unconstitutionally vague and overbroad.

■ The defendant's first contention rests on two statutes, G.L. 1956 (1969 Reenactment) § 12–6–2, as amended by P.L. 1969, ch. 239, § 17, and G.L. 1956 (1969 Reenactment) § 12–6–6, as amended by P.L. 1978, ch. 322, § 1. Section 12–6–2 requires a "complainant, unless he be exempted by law, to enter into a like recognizance as is required when complaint is made for any threat." Section 12–6–6 exempts from giving surety for costs of a complaint "any member of the division of state police" or "the chief of police." The defendant contends that the complaint filed against him is defective as the complainant, Louis B. Clark, did not file surety for costs and, as only an *interim* chief of police of Charlestown, is not exempt from doing so. The defendant claims that only a *permanent* chief of police is exempted by statute from furnishing surety for costs. This is clearly not the case. Louis B. Clark's appointment as chief of police might well be interim, but that fact in no way influences the official duties, responsibilities, or authority he as-

1. General Laws 1956 (1969 Reenactment) § 11–32–1, as amended by P.L. 1971, ch. 220, § 1 provides as follows:

"Every person who shall obstruct any officer, civil, military, or otherwise, including

any state, city or town police or fireman, while in the execution of his office or duty, shall be imprisoned not exceeding one (1) year or be fined not exceeding five hundred dollars ($500)."

sumed by this appointment. As the status of a "permanent" chief of police is not affected by the fact that the appointment could terminate prematurely by the office-holder's death or illness, so the fact that Louis B. Clark's appointment could be terminated by his being recalled to the state police or the appointment of another chief of police does not affect his status as chief of police. Louis B. Clark is currently chief of police of Charlestown and as such is exempt from furnishing surety for costs.

In addition, at trial defendant did stipulate that Louis B. Clark is a member of the state police, providing a second basis for Chief Clark's exemption from giving surety for costs under § 12–6–6.

■ Pressing his appeal further, Berberian argues that self-help repossession of personal property unlawfully seized by a police officer does not constitute a violation of § 11–32–1. It is a familiar principle that only those issues raised at trial will be considered by this court on appeal. *State v. Cline*, R.I., 405 A.2d 1192, 1209 (1979). As this issue was not raised at trial, it will not now be considered by us.

■ The remaining two issues raised by defendant deal with the constitutionality of the complaint filed against him and the statute under which he was charged. With respect to the complaint, it is well settled that a complaint must provide a defendant with adequate notice of the offense with which he is being charged. *State v. Berker*, 114 R.I. 72, 328 A.2d 729 (1974).[2] In the case of a complaint for a violation of an obstructing-justice statute, four elements must be averred for it not to be constitutionally defective. The complaint must state (1) that the defendant acted knowingly, (2) that the defendant "resisted" or "obstructed" a peace officer, (3) that the defendant knew the peace officer was in fact a peace officer, and (4) that the peace officer was performing an authorized act within his official capacity. *Landry v. Daley*, 280 F.Supp. 968, 972–73 (N.D.Ill.), *appeal dismissed, sub nom. Landry v. Boyle*, 393 U.S. 220, 89 S.Ct. 455, 21 L.Ed.2d 392 (1968); *State v. Drew*, 112 R.I. 129, 308 A.2d 516 (1973). In this case the complaint filed against Berberian very plainly, concisely, and definitely delineated all these elements.[3] The complaint specifically avers that defendant acted willfully in obstructing Officer Fortune in the execution of his duty (arresting Sarah L. Whynaught for operating a motorcycle without a license) by removing the motorcycle from the scene and also that Berberian knew Officer Fortune was a police officer. Thus, the complaint is not constitutionally defective.

■ Finally, Berberian argues that this state's obstructing-justice statute—§ 11–32–1—is unconstitutionally vague and overbroad. We do not need to reach this issue "because, except in first amendment cases, one to whom a statute may be constitutionally applied lacks standing to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in hypothetical situations not before the court." *State v. Sharbuno*, R.I. 390 A.2d 915, 919 (1978).

---

2. This principle has been codified with the passage of G.L. 1956 (1969 Reenactment) § 12–12–1.4, as amended by P.L. 1974, ch. 118, § 11 which provides that

"An indictment, information or complaint shall be a plain, concise and definite written statement of the offense charged. An indictment, information or complaint which provides the defendant and the court with adequate notice of the offense being charged shall be sufficient if the offense is charged either (a) by using the name given to the offense in terms of either the common law or by statute or (b) by stating the definition of the offense in terms of substantially the same meaning."

3. The complaint filed against defendant, charges him as follows:

"Did willfully and unlawfully obstruct Ronald E. Fortune, a police officer while in the execution of his office, to wit: arresting Sarah L. Whynaught, a juvenile, for operating a motorcycle without a valid motorcycle license, by attempting to remove said motorcycle from the scene, he the said Aram K. Berberian, knowing the said Ronald E. Fortune to be a police officer. In violation of 11–32–1 of the General Laws of Rhode Island, 1956, as amended."

In the instant case the statute is assuredly constitutionally applied to the defendant. Officer Fortune's testimony clearly reveals that Berberian knew he was obstructing the performance of Officer Fortune's authorized act of arrest by attempting to remove the motorcycle from the scene and that he knew Officer Fortune was a police officer. Indeed, Berberian repeatedly suggested to Officer Fortune that he could arrest Berberian for obstructing justice.

The defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remanded to the Superior Court for further proceedings.