STATE

v.

Bernard J. DUFFY.

No. 80–146–C.A.

Supreme Court of Rhode Island.

Feb. 9, 1982.

Dennis J. Roberts II, Atty. Gen., Michael R. Stone, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

OPINION

PER CURIAM.

This matter is before us on appeal by the defendant from the Superior Court. An order was issued directing the defendant to show cause why the appeal should not be denied and dismissed. The court heard oral argument thereon and has reviewed the memoranda of the parties.

The defendant, Bernard Duffy appeals from a conviction after trial by jury, of obstructing a police officer in the execution of his duty. G.L. 1956 (1969 Reenactment) § 11–32–1. The incident occurred when a uniformed member of the state police, acting pursuant to instruction from a legislative committee, informed several people not to bring placards or bullhorns into an auditorium where the committee was conducting a public hearing. Upon hearing this, defendant Duffy, who was standing outside the auditorium, took signs from a person standing there and stormed the entrance-way in defiance of the police officer's order.

A conviction of § 11–32–1 requires (1) that the defendant acted knowingly, (2) that the defendant "resisted" or "obstructed" a police officer, (3) that the defendant knew the police officer was in fact a police officer, and (4) that the police officer was performing an authorized act within his official capacity. *State v. Berberian*, R.I., 416 A.2d 127 (1980). The defendant attempts to collaterally attack his conviction by challenging the committee's prohibition of signs at the hearing. He contends that the regulation unconstitutionally infringed on his first amendment right of free speech, and therefore justified his obstruction of the police officer.

It is clear that a committee of the state legislature has the authority to adopt reasonable content neutral regulations governing the manner of speech at its public

hearings. *See Police Department Of Chicago v. Mosley,* 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972); *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672, *reh. denied,* 393 U.S. 900, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968); *Kovacs v. Cooper,* 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed.2d 513 (1949); *A Quaker Action Group v. Morton,* 516 F.2d 717 (D.C.Cir.1975). The committee's order prohibited the use of all signs and bullhorns inside the hearing and was presumably issued to ensure that the orderly process of the hearing was not disrupted.

The constitutionality of the committee's order prohibiting signs and placards is not before us. The only issue before us is whether the constitutionality of a regulation affects the duty of a citizen to obey a police officer enforcing the regulation. By enacting § 11–32–1, the legislature has determined that police officers should carry out their orders unobstructed by others. Since the enactment of a law or regulation forecloses speculation by enforcement officers concerning its constitutionality, we would be remiss if we held that citizens could challenge the constitutionality of a law by obstructing a police officer charged with enforcing it. *See Michigan v. DeFillippo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Citizens must submit to the authority of a police officer. *See State v. Ramsdell,* 109 R.I. 320, 285 A.2d 399 (1971). The proper place to challenge the constitutionality of a law or regulation is in the courts, not on the streets. *State v. Ramsdell, supra.*

The defendant's appeal is denied and dismissed; the judgment of conviction is affirmed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.