STATE

v.

Daniel FLORES.

No. 97–240–M.P.

Supreme Court of Rhode Island.

June 18, 1998.

Aaron L. Weisman, David D. Prior, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Before WEISBERGER, C.J., and
LEDERBERG, BOURCIER, FLANDERS
and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on May 5, 1998, pursuant to an order directing the parties to show cause why the issues raised by this petition should not be summarily decided. The petitioner in this case, Daniel Flores (Flores or petitioner), seeks review of a Superior Court ruling[1] that he is required to register as a sex offender. After hearing the arguments of counsel for the parties and reviewing their memoranda, we conclude that cause has not been shown, and that the case will be decided at this time.

Effective July 24, 1996, the Rhode Island General Assembly enacted a new "Sexual Offender Registration and Community Notification Act," G.L.1956 chapter 37.1 of title 11, and simultaneously repealed the statute that previously governed the registration of sex offenders. The prior registration statute, G.L.1956 § 11–37–16, prescribed the "Registration of sex offenders" and imposed upon "[a]ny person who since July 1, 1992, has been, or shall hereafter be, convicted of any offense in violation of [any of the sexual assaults enumerated in chapter 37 of title 11 of the General Laws]" a duty to register with the chief of police of the city or town in which the sex offender resides. The current law, chapter 37.1 of title 11, contains sex offender-registration requirements that are significantly broader than those of the prior act and also includes community notification provisions modeled after Megan's Law.[2]

The petitioner was charged with child molestation while the prior statute was still in effect, the alleged offense having taken place between March 15 and May 23, 1995. Flores was not convicted of the offense, however, until he pleaded nolo contendere in October 1996, *after* passage of the new act and after the repeal of the former statute. He moved in Superior Court to bar his registration as a sex offender, arguing that the former statute, § 11–37–16, had been repealed on July 24, 1996, prior to his October 1996 conviction, and that thus, the former statute could not apply to him. In addition, petitioner argued, the new statute could not apply to him because by its own terms it was applicable only to *offenses occurring after* July 24, 1996.

A justice of the Superior Court heard petitioner's motion and denied it on April 10, 1997. The hearing justice ruled from the bench that petitioner must register as a sex offender[3] pursuant to § 11–37.1–18, which reads:

**Continuation of prior duty to register.—** Any person, who pursuant to the provisions of § 11–37–16 [repealed], had a duty to register under that section after having been convicted of any violation of the provisions of chapter 37 of this title, or for a

---

1. The hearing justice did not enter a written order.

2. This kind of community notification law is called "Megan's Law" after Megan Kanka, the seven-year-old victim of a sexual assault and murder in New Jersey in 1994. *See Doe v. Pataki,* 120 F.3d 1263, 1265 n. 1 (2d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1066, 140 L.Ed.2d 126 (1998).

3. The petitioner argued that the hearing justice imposed upon him a duty to register pursuant to the provisions of G.L.1956 chapter 37.1 of title 11, whereas the state contended that petitioner is required by the justice's decision to register pursuant to the more limited provisions of G.L.1956 § 11–37–16.

conviction in another state of first degree sexual assault, which if committed in this state would constitute a violation of chapter 37 of this title, shall have the duty to register in accordance with the provisions of this chapter. *Nothing herein shall be construed to abrogate any duty to register which exists or existed under the provisions of § 11–37–16.* (Emphasis added.)

The justice in essence interpreted the last sentence of this section of the new statute as a savings clause that imposed a duty to register in accordance to the provisions of § 11–37–16 on anyone who was charged while § 11–37–16 was in effect but who was convicted subsequent to that section's repeal on July 24, 1996. The petitioner's petition for certiorari was granted on May 1, 1997, and the effect of the April 10, 1997 Superior Court ruling was stayed until further order of this Court.

■ In carrying out our duty as the final arbiter on questions of statutory construction, "[i]t is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996). When confronted with statutory provisions that are unclear or ambiguous, however, we examine statutes in their entirety in order to "glean the intent and purpose of the Legislature." *In re Advisory to the Governor (Judicial Nominating Commission)*, 668 A.2d 1246, 1248 (R.I.1996). Moreover, in interpreting a legislative enactment, it is incumbent upon us "to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Brennan v. Kirby*, 529 A.2d 633, 637 (R.I.1987). In so doing, "[t]his court will not construe a statute to reach an absurd result." *Kaya v. Partington*, 681 A.2d 256, 261 (R.I.1996) (citing *Beaudoin v. Petit*, 122 R.I. 469, 476, 409 A.2d 536, 540 (1979)).

■ After a careful review of the arguments presented by counsel and of their memoranda, this Court concludes that petitioner must register as a sex offender pursuant to the registration requirements in effect at the time he was charged, that is, pursuant to § 11–37–16. This requirement is imposed upon him by the provisions of § 11–37.1–18 currently in effect.

We reach this conclusion by noting that the registration requirements of chapter 37.1 of title 11 do not apply to petitioner by the clear and express language of the public law that enacted that statute. Specifically, P.L. 1996, ch. 104, § 4 provides that the new registration requirements "shall take effect upon passage and shall apply to those persons who are convicted of an offense requiring registration * * * which was *committed after the effective date [July 24, 1996] of this act.*" (Emphasis added.) This statute is inapplicable to petitioner's offense, which occurred between March and May of 1995.

On the other hand, prior to its repeal, § 11–37–16 imposed a duty to register upon "[a]ny person who since July 1, 1992, has been, or *shall hereafter be,* convicted of any offense in violation of [chapter 37 of title 11]." (Emphasis added.) Flores clearly falls within the class of people contemplated by the plain language of § 11–37–16, having been convicted of such an offense after July 1, 1992. The inchoate duty to register accrued at the time he committed the offense in 1995. Moreover, this duty to register under § 11–37–16 survived that section's repeal under the plain language of § 11–37.1–18: "Nothing herein shall be construed to abrogate any duty to register which exists or existed under the provisions of § 11–37–16." Accordingly, and in keeping with the clear language of the present statute, we conclude that petitioner has a duty to register as a sex offender pursuant to § 11–37–16. We agree with the state that the proper reading of § 11–37.1–18 instructs that "one convicted of a sexual assault after the repeal of § 11–37–16 must still register under that statute if the provisions of the new statute are inapplicable."

Were we to accept the petitioner's proposed construction of the interplay of the two statutes, we would relieve from any sex offender registration requirement those persons who committed acts of sexual assault

prior to July 25, 1996, but were convicted after that date. It is apparent that chapter 37.1 of title 11 has established a registration scheme that is more stringent and applies more broadly than the previous version. Had the new law not been enacted, there is no doubt that the petitioner would have been obligated to register under the prior statute. The petitioner's construction of the new statute would produce the absurd result of exempting from registration requirements an entire class of sex offenders. Such a result would be clearly contrary to legislative intent and would constitute an abrogation of "our responsibility to 'determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes.'" *Perrotti v. Solomon*, 657 A.2d 1045, 1048 (R.I. 1995) (quoting *Brennan*, 529 A.2d at 637).

For the foregoing reasons, the petition for certiorari is hereby denied. We quash the writ previously issued and vacate our stay of the Superior Court's ruling. The papers in this case may be returned to the Superior Court.