The NEW ENGLAND EXPEDITION–
PROVIDENCE, LLC

v.

CITY OF PROVIDENCE et al.

No. 2001–89–Appeal.

Supreme Court of Rhode Island.

June 19, 2001.

**260**

Robert Corrente, Charles D. Blackman, Providence, for Plaintiff.

Richard G. Riendeau,/Deming E. Sherman, John T. D'Amico, Jr.,/Charles R. Mansolillo,/Albin S. Moser, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on May 17, 2001, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

The plaintiff in this action, The New England Expedition–Providence, LLC (NEE or plaintiff), has appealed from a judgment of the Superior Court that declared NEE's development project a *"Land Development Project"* as defined by G.L.1956 § 45–24–31(37) of the Rhode Island Zoning Enabling Act (enabling act), and thus, review and approval from the Providence City Plan Commission (plan commission) was required before demolition or building permits were issued.[1]

The following facts are pertinent to this appeal. The plaintiff sought to develop a retail shopping center, to be known as "Providence Commons" (shopping center), on 13.01 acres in the City of Providence.

The property consisted of thirty-one contiguous parcels bordered by Valley Street, Atwells Avenue and Eagle Street. The plaintiff indicated that the shopping center would be used solely for commercial purposes.

In November 2000, after it was informed by John Palmeri (Palmeri), city director of planning and development, that the project was a "Major Land Development Project" and that plan commission approval was mandatory, NEE applied to the plan commission for approval of this project as a land development project. The plan commission conducted hearings on NEE's application on November 21, 2000, and December 19, 2000. During the hearings, codefendants Raphael Lyon (Lyon) and the Providence Preservation Society (PPS) publicly expressed their strong opposition to the project. At the conclusion of the hearings a motion to approve the proposal failed on a tie vote and the matter was continued for the January 2001 session. Faced with what in all likelihood would be an adverse decision, NEE sought a different result. Enter Ramzi Loqa (Loqa), director of the Department of Inspection and Standards, who, at plaintiff's instance, issued an opinion that plan commission approval was not necessary to obtain permits for the project. Apparently energized by Loqa's determination, NEE abandoned its quest before the plan commission and turned to the Superior Court, seeking a declaratory judgment that, pursuant to § 421 of chapter 27 of the Providence Zoning Ordinance, plan commission review and approval was not necessary for this project.[2]

---

1. We note the unusual posture of this case. Although the parties have not exhausted all possible administrative remedies, this fact was not challenged on appeal. Therefore, we decline to address this matter on appeal.

2. Chapter 27, § 421 of the Providence Zoning Ordinances provides:
   "A Major Land Development Project is a parcel or parcels of land, containing at least forty thousand (40,000) sq. ft. of land area,

The declaratory judgment action was heard on February 12, 2001, in Providence County Superior Court. During the hearing, NEE argued that projects planned exclusively for commercial uses were excluded from the definition of "Major Land Development Project" pursuant to the third sentence of § 421 and that plan commission review and approval was not required for NEE's proposed development. The thrust of plaintiff's argument was that single-use projects were excluded because, by its terms, the ordinance provided that the "purpose of a Major Land Development Project is to allow for the creation of multifamily, mixed use developments OR primary through secondary schools through careful site planning" and presumably, because NEE's project was designed solely of a commercial use, it did not need such "careful site planning." *See* Providence Zoning Ordinances, ch. 27, § 421. Further, plaintiff argued that if single-use projects, such as a commercial-use-only project, are considered to fall within the purview of § 421 then the third sentence of the definition would be reduced to mere surplusage. Consistent with his earlier assessment, defendant Loqa, although a named party, agreed with NEE's position and asserted that the city was ready to issue a building permit without approval by the plan commission.

Conversely, defendants Lyon and PPS urged the trial court to read § 421 in its entirety and not confine itself, as did plain-

tiff and defendant Loqa, to a piecemeal interpretation of the ordinance. The defendants argued the city and NEE ignored the first two sentences of § 421 and placed undue emphasis on the final sentence to support their contention. The defendants asserted that plaintiff's interpretation would produce an absurd result and would permit the development of a massive project spanning a multitude of contiguous properties, many of which needed to be leveled, causing the demolition of numerous buildings of historical significance, without any review by the city plan commission or any other planning agency.[3]

In making his decision, the trial justice recognized that § 45–24–31 of the state enabling act specifically provides that the definitions contained within chapter 24 of title 45 "are controlling in all local ordinances created under this chapter." Based upon this statutory mandate the trial justice determined that the Providence Zoning Ordinances must be read in conjunction with the enabling act; and, that such an interpretation classifies NEE's project as a major land development project requiring approval of the plan commission. A judgment was entered on February 21, 2001, and plaintiff filed a timely appeal.

On appeal, plaintiff argued that the trial justice committed reversible error with respect to three issues. First, NEE argued that the court erred when it found

which is developed according to a plan and in accordance with this Section as a single entity. The Major Land Development Project may include one or more residential and/or commercial structures with appurtenant recreation buildings, common areas, open space and roadways OR an educational institution (primary through secondary schools) as defined by Use Code 21. The purpose of a Major Land Development Project is to allow for the creation of multifamily, mixed use developments OR primary

through secondary schools through careful site planning."

3. Although neither defendant challenged the propriety of declaratory relief at this juncture, where the plaintiff has failed to exhaust its administrative remedies, PPS and Lyon vigorously argued that, having submitted itself to the jurisdiction of the plan commission, plaintiff may not challenge its jurisdiction in another forum. In light of our decision herein, we need not address that issue.

that the definitions contained in § 45–24–31 of the enabling act trump the narrower zoning provision. Second, plaintiffs asserted that the trial justice erred by not deferring to the city's administrative officer responsible for interpreting the zoning ordinance and by failing to construe the ordinance in accordance with its historical interpretation. Lastly, NEE averred that the court erred by ignoring the express language of § 421 and failed to give effect to the clearly stated intent of the local legislature. We are of the opinion that the trial justice correctly determined that to the extent it conflicts with the state act, the local ordinance is superseded by the enabling act, and, therefore, NEE's project requires plan commission approval.

■ We recognize that the sole issue before us is one of statutory interpretation. A trial justice's finding concerning statutory interpretation presents a question of law that this Court reviews *de novo*. *Levine v. Bess Eaton Donut Flour Co.*, 705 A.2d 980, 982 (R.I.1998). In discerning the meaning of a statute, our ultimate goal is to give effect to the purpose of the act as intended by the Legislature. *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1049–50 (R.I. 1994).

■ As a general rule, a local ordinance "is pre-empted by statewide legislation 'if it disrupts the state's overall scheme of regulation * * *.'" *Munroe v. Town of East Greenwich*, 733 A.2d 703, 710 (R.I. 1999) (quoting *Town of East Greenwich v. O'Neil*, 617 A.2d 104, 109 (R.I.1992)). In addition, we have consistently held that statutes must be interpreted to avoid absurd or unjust results. *LaPlante v. Honda North America, Inc.*, 697 A.2d 625, 628 (R.I.1997); *see also Matter of Falstaff Brewing Corp.*, 637 A.2d at 1050; *Brennan v. Kirby*, 529 A.2d 633, 637 (R.I.1987).

■ "Zoning, land development and subdivision regulations constitute a valid exercise of [the state's] police power, and are matters of statewide concern." *Munroe*, 733 A.2d at 710; *see also* §§ 45–24–27 through 45–24–72. As we stated in *Munroe*, "the legislature clearly intended to establish uniform procedures for land development throughout the state and in explicit terms superseded local regulations, whether authorized by charter, provisions or preexisting special statutes." *Munroe*, 733 A.2d at 711. Further, § 45–24–31 explicitly provides that "the words and phrases defined in this section are controlling in all local ordinances created under this chapter."

Section 45–24–31(37) defines a *"Land Development Project"* as,

"[a] project in which one or more lots, tracts, or parcels of land are to be developed or redeveloped as a coordinated site for a complex of uses, units, or structures, including, but not limited to, planned development and/or cluster development for residential, commercial, institutional, recreational, open space, and/or mixed uses as may be provided for in the zoning ordinance."

■ The record demonstrates that plaintiff attempted to avoid this definition by arguing that the third and final sentence of § 421 is controlling and removes this project from the requirement of plan commission approval. However, this argument contradicts a well-established tenet of statutory construction requiring that statutory provisions are to be examined in their entirety. *See In re Advisory Opinion to the Governor (Judicial Nominating Commission)*, 668 A.2d 1246, 1248 (R.I. 1996). Thus, when read in the aggregate, § 421 clearly encompasses the NEE project. As noted, this project contemplates the development of an urban retail shopping center spanning thirty-one parcels of

land consisting of at least thirteen acres of land area, that is proposed as a single entity, with one or more commercial structures including appurtenant parking areas and roadways.

We are satisfied that such an undertaking clearly falls within the definition of § 45–24–31(37) as a coordinated site for a complex of units for commercial use. Further, it is contemplated that this project be located in a congested urban area, a proposal that, as the Legislature clearly intended, cries out for plan commission approval.

Based upon our reading of the Providence Zoning Ordinance in conjunction with the enabling act, we are of the opinion that to interpret § 421 of the zoning ordinance to permit the city to remove such a large-scale project from plan commission review would be contrary to the purpose of the enabling act, our established procedures for statutory construction and the intended uniform procedures created by the Legislature. Further, in our opinion, such an interpretation would create the absurd result of permitting such a massive project to proceed without plan commission approval. Thus, we conclude that as a statute of statewide concern, the definitions provided in § 45–24–31(37) supersede any contradictory local ordinance definitions. We hold that the definition provided by § 421 is superseded by § 45–24–31(37), and as such, plan commission approval is mandatory for this project.

Further, plaintiff's arguments that the hearing justice erred in refusing to defer to the interpretation placed on the ordinance by the municipal official responsible for enforcing it and erred by declining to give effect to the intent of the local authorities also must fail. We agree with the trial justice that some deference should be paid "to a determination by the building inspector, or the Director of the Department of Standards and Inspection, [but] not blind deference." This Court is the final arbiter with respect to questions of statutory construction. *See State v. Flores,* 714 A.2d 581, 583 (R.I.1998); *see also Local 400, International Federation of Technical and Professional Engineers v. Rhode Island State Labor Relations Board,* 747 A.2d 1002, 1004 (R.I.2000). The resolution of this issue is a question of law reserved for the Court, and a conflicting interpretation by a local body or administrative official must yield to the construction placed on an ordinance or statute by this Court.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment is affirmed and the papers in this case are remanded to the Superior Court.